UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00927-MCS-JDE | Date | December 19, 2023 |
| Title | *Matthew McDermott v. RYI Unity LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

Stephen Montes Kerr  
Deputy Clerk

Not Reported  
Court Reporter

Attorney(s) Present for Plaintiff(s):  
None Present

Attorney(s) Present for Defendant(s):  
None Present

**Proceedings:   (IN CHAMBERS) ORDER ON MOTION FOR DEFAULT JUDGMENT (ECF NO. 18)**

This is a suit for copyright infringement. The clerk entered default on August 28, 2023. (Default, ECF No. 16.) Plaintiff subsequently filed a motion for default in which he seeks statutory damages, attorney's fees, and costs. (Mot., ECF No. 18-3.) The Court requested supplemental briefing from Plaintiff regarding the type of damages he was seeking. (Order, ECF No. 20.) Plaintiff submitted supplemental briefing clarifying that he was seeking statutory damages in this matter, not actual damages. (Supp. Br., ECF No. 21.) Defendant has not appeared to oppose the motion for default judgment or otherwise appeared to defend this action. The Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.  BACKGROUND

Plaintiff is a professional photographer. (Compl. ¶ 10, ECF No. 1; McDermott Decl., ECF No. 18-2 ¶ 3.) He has obtained copyright registrations from the United States Copyright Office ("USCO") for many of his photographs and many others are the subject of pending copyright applications. (Compl. ¶ 12; McDermott Decl. ¶ 6.) One of these photographs is of New York Mayor Eric Adams (the "Photo") at a news

conference. (Compl. ¶ 14; McDermott Decl. ¶ 7.) Plaintiff registered the Photo with the USCO on March 29, 2022. (Compl. ¶ 16; McDermott Decl. ¶ 8.)

Defendant is the registered owner and operator of unitynews.net (the "Website"). (Compl. ¶ 3.) On March 16, 2022, Defendant posted the Photo on the Website as part of an article. (*Id.* ¶ 21.) On or about March 17, 2022, Plaintiff observed the Photo on the Website. (*Id.* ¶ 24.) Plaintiff did not give Defendant permission to use the Adams Photo. (*Id.* ¶¶ 4, 25–26.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment. On entry of default, well-pleaded allegations in the Complaint concerning liability are taken as true, however, damages must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Courts weigh the *Eitel* factors in determining whether to enter default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. C.D. Cal. R. 55-1. Additionally, "[i]f the amount claimed in a judgment by default is unliquidated," Local Rule 55-2 requires notice to be "given to the defaulting party of the amount requested." C.D. Cal. R. 55-2.

///

## III.   DISCUSSION

### A. Jurisdiction, Service of Process, and Procedural Requirements

The Court first addresses whether it may exercise subject-matter jurisdiction, whether the Court has personal jurisdiction over Defendant, and whether Plaintiff properly served Defendant. *See In re Tuli*, 172 F.3d 707, 710–12 (9th Cir. 1999). The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1331 because Plaintiff's claim arises under 17 U.S.C. § 501. (Compl. ¶ 7). Defendant is subject to the Court's personal jurisdiction because its principal place of business is in California. (Compl. ¶ 8.) *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

A plaintiff may serve process on an unincorporated association by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4I(1). California Corporations Code section 17701.16(c) provides:

> [I]f the designated agent for [service of process] cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company . . . cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company . . . by delivering by hand to the Secretary of State . . . one copy of the process for each defendant to be served, together with a copy of the order for authorizing the service.

After finding that Plaintiff had made several unsuccessful attempts to locate and serve Defendant's agent, the Court granted his motion to serve Defendant by delivering process to the California Secretary of State, the manner specified in California Corporations Code section 17701.16©. (ECF No. 12.) The Plaintiff effected service in this manner. (ECF No. 13.)

Plaintiff must also provide a declaration that satisfies the requirements of Local Rules 55-1 and -2. Plaintiff filed a declaration that meets these procedural requirements. (*See* Mandel Decl., ECF No. 18-1.)

### B. *Eitel* Factors

Next, the Court determines whether default judgment is appropriate in light of the *Eitel* factors. *Eitel*, 782 F.2d at 1471–72.

1. Possibility of Prejudice to Plaintiff

Under the first factor, the Court should determine whether Plaintiff will be prejudiced if the Court does not enter default judgment. *Eitel*, 782 F.2d at 1471. Plaintiff would suffer prejudice if the default judgment is not entered because he "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). "Defendant has not appeared in this action," and "a default judgment is the only means available for compensating Plaintiff for Defendant['s] violations." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). "If the Court does not enter a default judgment, it will allow Defendant to avoid liability by not responding to Plaintiff's claims." *Id.* Accordingly, the first factor weighs in favor of granting default judgment.

2. Merits of Plaintiff's Substantive Claims

The second and third *Eitel* factors, involving the substantive merits of Plaintiff's claim and the sufficiency of the complaint, require the Court to determine whether "the allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

///

For a plaintiff to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Taking the allegations in the Complaint as true, *Garamendi*, 683 F.3d at 1080, Plaintiff owns a valid copyright in the Photo. (Compl. ¶¶ 15–16.) Defendant also "copied, stored, reproduced, distributed, adapted, and/or publicly displayed" the Photo without Plaintiff's permission. (*Id.* ¶ 43; *see also id.* ¶¶ 4, 25–26.) Plaintiff has stated the elements of copyright infringement.

As a result, the second and third *Eitel* factors favor granting default judgment.

### 3. Sum of Money at Stake

Under the fourth *Eitel* factor, the Court balances "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks statutory damages for direct infringement in the amount of $14,275. (Mot. 9–11; Supp. Br. 2.) "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (internal quotation marks omitted). However, where the sum of money is substantial, this factor could weigh against the grant of default judgment. *See J & J Sports Prods., Inc. v. Cardoze*, No. C 09–05683 WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010). Plaintiff is seeking a sum of damages that "is commensurate with the seriousness of Defendant's alleged misconduct" *Gucci Am., Inc. v. Wang*, No. C–09–05969 JCS, 2011 WL 31191, at *11 (N.D. Cal. Jan. 3, 2011), *R. & R. adopted*, 2011 WL 30972 (N.D. Cal. Jan. 5, 2011). Accordingly, the sum of money at stake supports entering default judgment.

### 4. Possibility of Dispute

The fifth *Eitel* factor examines whether there is a likelihood of a dispute as to the material facts. *Eitel*, 782 F.2d at 1472. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Garamendi*, 683 F.3d at 1080. As such, when a plaintiff pleads the facts necessary to prevail on its claims, there is little possibility of a dispute over material facts. *Philip Morris USA Inc. v. Castworld Prods., Inc.* 219 F.R.D. 494, 500 (C.D. Cal. 2003). Plaintiff's complaint adequately alleges copyright infringement, so the possibility of dispute is remote.

5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's actions may be due to excusable neglect. *Eitel*, 782 F.2d at 1472. There is little possibility of excusable neglect when the defendant is properly served or is aware of the litigation. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Plaintiff properly served Defendant. (ECF No. 13.) The Court finds it unlikely that Defendant is unaware of these proceedings. Accordingly, the possibility of excusable neglect does not prevent the entry of default judgment.

6. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Defendant failed to respond to Plaintiff's Complaint, precluding a decision on the merits. This factor does not preclude entry of default judgment.

Weighing the *Eitel* factors, the Court finds that default judgment is appropriate.

**C. Remedies**

1. Statutory Damages

Plaintiff elects to seek an award of statutory damages as to the infringement of the Photo. (Supp. Br. 2; Mandel Decl. ¶ 4; Mot. 9.)

Under the Copyright Act, a plaintiff may elect to recover actual or statutory damages. 17 U.S.C. § 504(b). A copyright owner may seek "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." *Id.* "The number of awards available under this provision depends not on the number of separate infringements, but rather on (1) the number of individual works infringed and (2) the number of separate infringers." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264 (9th Cir. 2021) (internal quotation marks omitted). Statutory damages are recoverable "whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of

the profits reaped by defendant." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

The maximum award is "$150,000 for willful infringement and $30,000 for innocent infringement." *Desire, LLC*, 986 F.3d at 1264 (citing 17 U.S.C. § 504(c)(1)–(2)). The Ninth Circuit has defined "willfully" to mean "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990) (internal quotation marks omitted). Courts enjoy "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris*, 734 F.2d at 1335. In applying its discretion, a district court is guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Peer Int'l Corp.*, 909 F.2d at 1336 (internal quotation marks omitted).

Assuming the facts in the complaint as true, *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004), Plaintiff has established willfulness. Plaintiff alleges that the infringements were willful. (Compl. ¶ 44.) Defendant has constructive notice that Plaintiff alleges that Defendant's infringement was willful. (ECF No. 13), yet it did not appear or respond to contest the allegation. The Court therefore finds that Defendant committed willful infringement, meriting an award of enhanced damages. "The only question is how much the Court should award." *Warner Bros.*, 346 F. Supp. 2d at 1074.

Because Plaintiff has adduced little evidence or argument supporting its request for a $14,275 award of statutory damages, the Court concludes that such an award is not warranted in this case. *See Sanrio, Inc. v. Torres*, No. CV 14-03736 MMM (JCx), 2015 WL 12661916, at *9 (C.D. Cal. Jan. 5, 2015).[1] Nonetheless, the Court finds that a damages award above the statutory maximum for non-willful infringement is appropriate. Defendant's conduct is egregious, weighing toward a higher award. Despite Plaintiff's attempts to hale Defendant into court, Defendant ignored service of process and the litigation generally. (Mot. 10.)

---

[1] Plaintiff's claim for damages is based in part on the licensing fee of a third party's compositionally comparable picture, which is $2,855.00. (Supp. Br. 2.) But Plaintiff offers no authority, and the Court cannot find any, permitting the Court to usurp the licensing fee of a third party's photograph as the basis for any damages award. Relatedly, Plaintiff's request to multiply the third-party's licensing fee by five to arrive at their number of $14,275 is not rooted in any authority.

Factors independent of Defendant's culpability—the value of the copyrights and the deterrent effect on others—suggests a higher award would be appropriate. *See Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (collecting cases). To be sure, the copyright in this case is valuable. Plaintiff avers to be a professional photographer and therefore his success is due largely to the commercial value of his photographs. (Compl. ¶¶ 10–17.) Further, increased statutory damages would serve the purpose of deterring Defendant and others from infringing Plaintiff's valuable works.

Based on Defendant's conduct and the *Fitzgerald* factors, a statutory award of $5,000, is just in this case for Defendant's infringement of the Photo, which is consistent with the range of awards in similar cases. *See, e.g. Reed v. Ezelle Inv. Properties Inc.,* 353 F. Supp. 3d 1025, 1038 (D. Or. 2018) (awarding $1,500, i.e. twice the minimum in statutory damages, for Defendant's copyright infringement of one image); *George v. Lighthouse Properties Real Est. Servs., Inc.*, No. 2:16-CV-6852-SVW-JPR, 2017 WL 7806353, at *5 (C.D. Cal. Feb. 15, 2017) (awarding $8,000 in statutory damages for defendant's willful copyright infringement of one image).

2. <u>Attorneys' Fees and Costs</u>

Attorneys' fees are recoverable under the Copyright Act. 17 U.S.C. § 505. Before awarding attorneys' fees under the Copyright Act, courts consider the following factors: "the degree of success obtained; frivolousness; motivation; objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (ellipsis in original) (internal quotation marks omitted). Plaintiff's "success is complete and unquestioned: a default judgment . . . and an award of statutory damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1104 (N.D. Cal. 2003). Plaintiff's claims were neither frivolous nor unreasonable nor improperly motivated. Additionally, Defendant's conduct has been patently unreasonable. Weighing these factors together, Plaintiff is entitled to its requested attorneys' fees. Application of Local Rule 55-3 here results in a fee award of $700 based upon a total damages award of $5,000.

"Full costs" are also recoverable under Section 505. 17 U.S.C. § 505. "Full costs" covers the six categories of costs "specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini Street, Inc. v. Oracle USA, Inc.*,

139 S. Ct. 873, 876 (2019). Because the Court grants default judgment in favor of Plaintiff on its copyright infringement claim, Plaintiff is also entitled to costs. *See Mavrix Photo, Inc. v. Allieiswired.com*, No. CV 10-7591 CBM (Ex), 2011 WL 13217564, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1556–57 (9th Cir. 1989)). The Plaintiff requests costs in the amount of his filing fee ($402.00) and the process server fee to serve the summons and complaint ($151.00). (Mot. 13.) The Court finds these costs are reasonably calculated. Plaintiff is entitled to his costs in the amount of $553.00.

## IV.   CONCLUSION

The Court grants Plaintiff's motion for default judgment. The Court orders the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**